THOMAS JAQUETT'S Adm'r. *vs.* WILSON PALMER and wife.

A surplus in the hands of the late sheriff, arising from the sale of lands after payment of all executions, *may be attached.*

Fiere Facias attachment.   Returned ; " summoned William Herd-man, late sheriff, as garnishee of defendants."   Sheriff Herdman answered, that by virtue of execution process directed to him as sheriff of New Castle county, he had taken in execution and sold the lands of Palmer, for a sum sufficient to pay all the executions; and that there was a balance remaining in his hands.   His term of office has now expired.

*Wales,* for the defendant, obtained a rule to show cause why this attachment should not be dissolved.

Money levied by a sheriff cannot be attached.   *Serg. on Attachment,* 74; 1 *Dallas Rep.* 354.   Nor can money in the hands of a prothonotary.   The only question then is, whether the fact that Herdman has gone out of office, makes him liable to be attached for money which came into his hands as sheriff.   Sec. 1, *Digest* 211, authorizes the issuing of writs to the late sheriff, for the sale of lands levied on by him, while in office ; and Sec. 2, makes him liable in case of any default thereon " to all such rules of court, suits, fines and other process and proceedings, as any sheriff is or can be liable to in like cases."   The late sheriff is, therefore, precisely on the same footing with a sheriff in office ;' and money in his hands cannot be attached. The reason is, that the property taken by him is in custodiam legis ; it is a contempt of the process of the court, and would be extremely inconvenient in practice, as well as dangerous to the officer, to be made liable as a garnishee, and have funds thus summarily stayed in his hands, which may be applicable to other purposes.

*Gray,* contra.   Our attachment laws authorize the attachment of property in whose hands soever it may be.   This money is not in Herdman's hands as sheriff, nor as late sheriff.   All the money he was authorized to receive by virtue of the process in his hands, was so much as would satisfy the executions against Palmer.   His answer admits that they are satisfied; and he has, as sheriff, no further claim on the proceeds of the land.   There can be no contempt of the process of the court, for the attachment in no manner interferes with the due execution of that process, nor was he in fact the officer of the court at the time the attachment was laid in his hands.

*Wales.*—Herdman is still the sheriff as to this matter : still liable to be ruled to bring this money into court.

*Per curiam.*   Our courts have gone further than the English de-

cisions, in sustaining attachments. The reason of not allowing them against a sheriff is, that generally the party has a summary remedy against the officer, and can force the money out of his hands, notwithstanding the attachment. He has no opportunity of pleading it, and he might thus be subjected to pay the money twice. But here all the executions are satisfied, and the balance now in Herdman's hands is there as money had and received to the use of the defendant, and for which an action would lie at his suit. He could not rule the sheriff to bring the money into court. It is in fact not in his hands as sheriff, though it came there as such. It cannot be recovered from him in a summary way, or otherwise than by suit, in which he would have the opportunity of pleading this attachment in his defence.

Rule discharged.

*Wales,* in support of the rule.
*Gray,* contra.